FILED
U.S. District Court
District of Kansas
10/26/2026
Clerk, U.S. District Court
By: SND Deputy Clerk

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

**SHELBERT L. SMITH,**

**Petitioner,**

**v.** **CASE NO. 26-3360-JWL**

**DANIEL SCHNURR, et al.,**

**Respondents.**

# NOTICE AND ORDER TO SHOW CAUSE

This is a pro se petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241 by Petitioner and state prisoner Shelbert L. Smith, who is currently incarcerated at Hutchinson Correctional Facility in Hutchinson, Kansas. Petitioner has paid the filing fee. For the reasons set forth below, Petitioner will be required to show good cause, in writing, why this action should not be dismissed because it plainly appears that the petition fails to state grounds on which federal habeas relief could be granted.

## Rule 4 Screening

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts ("the Habeas Rules") requires the Court to review a habeas petition upon filing and to dismiss it "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." 28 U.S.C.A. foll. § 2254. Habeas Rule 1(b) authorizes district courts to apply the Habeas Rules to petitions not brought under 28 U.S.C. § 2254, such as those brought under 28 U.S.C. § 2241. Because Petitioner is proceeding pro se, the Court liberally construes the petition, but it may not act as Petitioner's advocate. *See James v. Wadas*, 724 F.3d 1312, 1315 (10th Cir. 2013). "[T]he court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th

Cir. 2005). It "'may not rewrite a petition to include claims that were never presented.'" *Childers v. Crow*, 1 F.4th 792, 798 (10th Cir. 2021) (citation omitted).

**The Petition (Doc. 1)**

Petitioner is incarcerated under a sentence imposed in 1993 for crimes committed the same year, when he was 16 years old. (Doc. 1, p. 1-2, 14-15.) When Petitioner began his prison sentence, he was first sent to the Reception and Diagnostic Unit ("RDU"), where he received a letter that calculated his parole eligibility date as May 19, 2008. *See id.* at 10. At some later date, however, the Kansas Department of Corrections recalculated Petitioner's parole eligibility date to be May 19, 2028. *Id.* at 11. A letter attached to the petition explains that Petitioner was sentenced to "2 life sentences plus 10 years" and the journal entry of sentencing ordered that the sentences be served consecutively. *Id.* The letter further notes that Petitioner would not be eligible for parole until he had served "15 years for each life sentence plus half the minimum of his 10-year sentence," or 35 years total, which resulted in the 2028 parole eligibility date. *See id.*

The precise ground for federal habeas relief Petitioner asserts in the petition is not entirely clear. As Ground One, Petitioner states: "Petitioner was a 16 year old juvenile when he committed his crime back in 1993. In determining a pre-guideline juvenile sentence, the maximum sentence shall be imposed under the statute in existence at the time the crime was committed." *Id.* at 6. Petitioner has left blank the portion of the form petition for identifying the facts that support Ground One. *Id.* at 7. Additional pages attached to the petition, however, provide further information. *Id.* at 14-16.

If the Court understands Petitioner's argument correctly, he asserts that because he committed the crimes as a juvenile, his sentence was controlled by the juvenile code in effect at the time. The relevant state statute, according to Petitioner, prohibited consecutive sentences being

imposed on juvenile offenders. *See id.* at 15. Thus, the initially calculated parole eligibility date, which required only 15 years of prison time before parole eligibility, was correct and the recalculation was not. As relief in this federal habeas case, Petitioner asks this Court to restore his original parole eligibility date, order his immediate release, and compensate him $1,700 per day since May 19, 2008. *Id.* at 8.

**Analysis**

Petitioner has filed a petition seeking relief under 28 U.S.C. § 2241, which "'[is] used to attack the execution of a sentence . . . ." *Sandusky v. Goetz*, 944 F.3d 1240, 1246 (10th Cir. 2019); *see also Mayes v. Dowling*, 780 Fed. Appx. 599, 601 (10th Cir. 2019) (unpublished) ("In this circuit, a state prisoner may challenge the *execution* of his state sentence via a § 2241 petition."). Under 28 U.S.C. 2241(c)(3), this Court may grant federal habeas relief if Petitioner "is in custody in violation of the Constitution or laws or treaties of the United States." Even liberally construing the pro se petition, it does not allege that Petitioner's custody violates the federal Constitution, federal laws, or federal treaties.

Instead, the petition focuses solely on the application and interpretation of state laws; Petitioner argues that *state law* requires that his parole eligibility date follow the initial calculation. "Federal habeas relief does not lie for errors of state law." *See Estelle v. McGuire*, 502 U.S. 62, 67 (1991). "[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions." *Id.* at 67-68. "'To the extent [the petitioner] argues the state court erroneously interpreted and applied state law, that does not warrant habeas relief[.]'" *Hawes v. Pacheco*, 7 F.4th 1252, 1264 (10th Cir. 2021) (quoting *Boyd v. Ward*, 179 F.3d 904, 916 (10th Cir. 1999)).

This Court previously has denied federal habeas relief to state prisoner petitions who argue

that a parole eligibility date was miscalculated in violation of state law and do not suggest a federal constitutional error. *See, e.g.*, *Turner v. Peterson*, 2021 WL 699841, *1-2 (D. Kan. Feb. 23, 2021) (unpublished). On other occasions, this Court has summarily dismissed such federal habeas petitions. *See Ash-Shahid v. Roberts*, 531 F. App'x 925, (10th Cir. Aug. 27, 2013) (unpublished) (denying certificate of appealability and dismissing appeal from this Court's dismissal of a federal habeas petition arguing that Kansas law required a different parole eligibility date than the prisoner was given); *Rojas v. Roberts*, 2008 WL 11470936, * 1-2 (D. Kan. Apr. 22, 2008) (unpublished). Similarly, the case now before this Court appears subject to dismissal because it alleges only violations of state law.

The Court will grant Petitioner time to show cause, in writing, why this matter should not be dismissed under Habeas Rule 4 because it plainly appears from the petition and attachments thereto that Plaintiff alleges only violations of state law, which cannot justify federal habeas relief. If Petitioner fails to timely file a written response to this order, this case will be dismissed without further prior notice to him.

**IT IS THEREFORE ORDERED** that Petitioner is granted to and including **November 30, 2026**, to show cause in writing why this matter should not be dismissed for the reasons set forth in this order.

**IT IS SO ORDERED.**

DATED: This 26th day of October, 2026, at Kansas City, Kansas.

S/ John W. Lungstrum
JOHN W. LUNGSTRUM
United States District Judge