**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

**SHELBERT L. SMITH,**

**Petitioner,**

**v.** **CASE NO. 26-3360-JWL**

**DANIEL SCHNURR, et al.,**

**Respondents.**

## MEMORANDUM AND ORDER

This is a pro se petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241 by Petitioner Shelbert L. Smith, a Kansas prisoner currently incarcerated at Hutchinson Correctional Facility in Hutchinson, Kansas. (Doc. 1.) After Petitioner paid the filing fee, the Court began the required review of the petition and, on October 26, 2026, issued a notice and order to show cause ("NOSC") explaining that it appears that this matter must be dismissed because the petition raises only alleged state-law violations. (Doc. 4.) Specifically, the NOSC stated:

> Petitioner is incarcerated under a sentence imposed in 1993 for crimes committed the same year, when he was 16 years old. (Doc. 1, p. 1-2, 14-15.) When Petitioner began his prison sentence, he was first sent to the Reception and Diagnostic Unit ("RDU"), where he received a letter that calculated his parole eligibility date as May 19, 2008. *See id.* at 10. At some later date, however, the Kansas Department of Corrections recalculated Petitioner's parole eligibility date to be May 19, 2028. *Id.* at 11. A letter attached to the petition explains that Petitioner was sentenced to "2 life sentences plus 10 years" and the journal entry of sentencing ordered that the sentences be served consecutively. *Id.* The letter further notes that Petitioner would not be eligible for parole until he had served "15 years for each life sentence plus half the minimum of his 10-year sentence," or 35 years total, which resulted in the 2028 parole eligibility date. *See id.*
>
> [Petitioner] asserts that because he committed the crimes as a juvenile, his sentence was controlled by the juvenile code in effect at the time. The relevant state statute, according to Petitioner, prohibited consecutive sentences being imposed on juvenile offenders. *See id.* at 15. Thus, the initially calculated parole eligibility date, which required only 15 years of prison time before parole eligibility, was correct and the recalculation was not. As relief in this federal habeas case, Petitioner asks

> this Court to restore his original parole eligibility date, order his immediate release, and compensate him $1,700 per day since May 19, 2008. *Id.* at 8.
>
> . . . .
>
> . . . Under 28 U.S.C. 2241(c)(3), this Court may grant federal habeas relief if Petitioner "is in custody in violation of the Constitution or laws or treaties of the United States." Even liberally construing the pro se petition, it does not allege that Petitioner's custody violates the federal Constitution, federal laws, or federal treaties.
>
> Instead, the petition focuses solely on the application and interpretation of state laws; Petitioner argues that *state law* requires that his parole eligibility date follow the initial calculation. "Federal habeas relief does not lie for errors of state law." *See Estelle v. McGuire*, 502 U.S. 62, 67 (1991). "[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions." *Id.* at 67-68. "'To the extent [the petitioner] argues the state court erroneously interpreted and applied state law, that does not warrant habeas relief[.]'" *Hawes v. Pacheco*, 7 F.4th 1252, 1264 (10th Cir. 2021) (quoting *Boyd v. Ward*, 179 F.3d 904, 916 (10th Cir. 1999)).
>
> This Court previously has denied federal habeas relief to state prisoner petitions who argue that a parole eligibility date was miscalculated in violation of state law and do not suggest a federal constitutional error. *See, e.g.*, *Turner v. Peterson*, 2021 WL 699841, *1-2 (D. Kan. Feb. 23, 2021) (unpublished). On other occasions, this Court has summarily dismissed such federal habeas petitions. *See Ash-Shahid v. Roberts*, 531 F. App'x 925, (10th Cir. Aug. 27, 2013) (unpublished) (denying certificate of appealability and dismissing appeal from this Court's dismissal of a federal habeas petition arguing that Kansas law required a different parole eligibility date than the prisoner was given); *Rojas v. Roberts*, 2008 WL 11470936, * 1-2 (D. Kan. Apr. 22, 2008) (unpublished). Similarly, the case now before this Court appears subject to dismissal because it alleges only violations of state law.

(Doc. 4, p. 2-4.) Rather than immediately dismissing this case, however, the Court granted Petitioner time to show cause in writing why this matter should not be dismissed. *Id.* at 4.

Petitioner timely filed his response to the NOSC on November 10, 2026. (Doc. 5.) He affirms that the Court has understood the factual basis for his argument correctly, but he clarifies his argument to also state that he is being held in violation of his Fourteenth Amendment right to due process. *Id.* at 1. Petitioner asserts that he was constitutionally entitled to notice and the

opportunity to be heard regarding the KDOC's change to his parole eligibility date, neither of which were given. *Id.* at 1-2. Therefore, because he asserts a federal constitutional violation, Petitioner asks that this Court allow this case to proceed. *Id.* at 2.

"The Fourteenth Amendment's Due Process Clause protects persons against deprivations of life, liberty, or property; and those who seek to invoke its procedural protection must establish that one of these interests is at stake." *Wilkinson v. Austin*, 545 U.S. 209, 221 (2005). In other words, "'[t]he Due Process Clause guarantees due process only when a person is to be deprived of life, liberty, or property.'" *Chambers v. Colo. Dept. of Corrections*, 205 F.3d 1237, 1242 (10th Cir. 2000) (quoting *Templeman v. Gunter*, 16 F.3d 367, 369 (10th Cir. 1994)). The Tenth Circuit has explained: "revocation [of parole] implicates a liberty interest that inheres in the Due Process Clause, and the denial of eligibility for parole does not." *Pruitt v. Heimgartner*, 620 F. App'x 653, 659 (10th Cir. 2015) (unpublished) (citations omitted).

Because the federal Constitution does not create a liberty interest related to the expectation of—or eligibility for—parole, any such liberty interest "must be expressly created by a state through its parole laws." *Id.* at 657 (citing *Boutwell v. Keating*, 399 F.3d 1203, 1213 (10th Cir. 2005), and *Greenholtz v. Inmates of Neb. Penal & Corr. Complex,* 442 U.S. 1, 12 (1979)). "Absent such a state-created liberty interest, 'there simply is no constitutional guarantee that [determinations of parole eligibility] must comply with standards that assure error-free determinations.'" *Pruitt*, 620 F. App'x at 657 (quoting *Greenholtz,* 442 U.S. at 7).

In *Pruitt*, the Tenth Circuit examined "whether Kansas has created a liberty interest in release on parole—[namely], 'in the *expectancy* of parole.'" *Id.* at 658 (citation omitted). It noted that the Kansas Supreme Court has "unequivocally . . . concluded that its laws do not create a liberty interest in release on parole." *Id.* (citing *Gilmore v. Kan. Parole Bd.*, 243 Kan. 173, 180

(1988)). Without such a liberty interest, the Tenth Circuit concluded, Kansas prisoners are "not constitutionally entitled to any particular set of procedures and cannot challenge on due-process grounds the fairness of the procedures afforded to [them] by the KDOC and the [Kansas Parole Board]." *Id.*

Because no due process protections attach to the calculation of a Kansas prisoner's parole eligibility date, Petitioner cannot obtain federal habeas relief based on the argument that his right to due process in the calculation of his parole eligibility date was violated. Therefore, even in light of the information in Petitioner's response to the NOSC, Petitioner has alleged only grounds that cannot justify federal habeas relief. The Court maintains its prior conclusion that this case must be dismissed because "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." *See* Rule 4, Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C.A. foll. § 2254.

Rule 11 of the Rules Governing Section 2254 Cases requires the Court to issue or deny a certificate of appealability (COA) upon entering a final adverse order. The Tenth Circuit has held that this requirement also applies to petitions brought under 28 U.S.C. § 2241. *Montez v. McKinna*, 208 F.3d 862, 869 (10th Cir. 2000) (holding that the COA requirement applies "whenever a state prisoner habeas petition relates to matters flowing from a state court detention order").

> "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."

*Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The failure to satisfy either prong requires the denial of a COA. *Id.* at 485. The Court concludes that its procedural rulings in this matter are not subject to debate among jurists of reason. Therefore, the Court declines to issue a certificate of

appealability.

**IT IS THEREFORE ORDERED** that this matter is **dismissed with prejudice**. No certificate of appealability will issue.

**IT IS SO ORDERED.**

DATED: This 13th day of November, 2026, at Kansas City, Kansas.

S/ John W. Lungstrum
JOHN W. LUNGSTRUM
United States District Judge